IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BYRON TAU,** <br> 526 Kenyon St NW, APT 203 <br> Washington D.C., 20010 <br><br> **Plaintiff,** <br><br> v. <br><br> **U.S. DEPARTMENT OF DEFENSE,** <br> 1155 Defense Pentagon <br> Washington, D.C. 20301 <br><br> **U.S. SPECIAL OPERATIONS COMMAND,** <br> SOCS-SJS-VI <br> 7701 Tampa Point Blvd. <br> MacDill AFB, FL 33621-5323 <br><br> **U.S. SOUTHERN COMMAND,** <br> 9301 NW 33rd Street <br> Doral, FL 33172 <br><br> **U.S. DEPARTMENT OF THE ARMY,** <br> 101 Army Pentagon <br> Washington, D.C. 20310-0101 <br><br> **NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,** <br> 8601 Adelphi Road, Room 5210 <br> College Park, MD 20740-6001 <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY,** <br> 2707 Martin Luther King Jr. Avenue SE <br> Washington D.C. 20528 <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1.      Plaintiff, BYRON TAU, files this Freedom of Information Act suit to force Defendants U.S. DEPARTMENT OF DEFENSE, U.S. SPECIAL OPERATIONS COMMAND,

U.S. SOUTHERN COMMAND, U.S. DEPARTMENT OF THE ARMY, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, and U.S. DEPARTMENT OF HOMELAND SECURITY, to produce various records related to surveillance programs and activities.

## PARTIES

2. Plaintiff BYRON TAU is a member of the media and made the FOIA requests at issue in this case.

3. Defendant U.S. DEPARTMENT OF DEFENSE ("DOD") is a federal agency subject to the Freedom of Information Act, 5 U.S.C § 552. DOD is the parent agency of U.S. SPECIAL OPERATIONS COMMAND, U.S. SOUTHERN COMMAND, and U.S. DEPARTMENT OF THE ARMY.

4. Defendant U.S. SPECIAL OPERATIONS COMMAND ("SOCOM") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

5. Defendant U.S. SOUTHERN COMMAND ("SOUTHCOM") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552.

6. Defendant U.S. DEPARTMENT OF THE ARMY ("DOA") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552.

7. Defendant NATIONAL ARCHIVES AND RECORDS ADMINISTRATION ("NARA") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552.

8. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

9. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

10. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FOUR FOIA REQUESTS TO SOCOM

11. TAU submitted four FOIA requests to SOCOM, which were assigned tracking numbers USSOCOM FOIA 2020-232, USSOCOM FOIA 2020-233, USSOCOM FOIA 2020-234, USSOCOM FOIA 2020-235.

12. The deadlines have passed for issuing determinations for tracking numbers USSOCOM FOIA 2020-232, USSOCOM FOIA 2020-233, USSOCOM FOIA 2020-234, USSOCOM FOIA 2020-235.

13. SOCOM has not issued determinations for tracking numbers USSOCOM FOIA 2020-232, USSOCOM FOIA 2020-233, USSOCOM FOIA 2020-234, USSOCOM FOIA 2020-235.

## FOIA REQUEST TO SOUTHCOM

14. TAU submitted one FOIA request to SOUTHCOM, which was assigned tracking number SC 20-055-S.

15. The deadline has passed for issuing a determination for tracking number SC 20-055-S.

16. SOUTHCOM has not issued a determination for tracking number SC 20-055-S.

## TWO FOIA REQUEST TO DOA

17. TAU submitted two FOIA requests to DOA, which were assigned tracking numbers FA-20-0092/FP-20-023698/FA 20-0022 and FP-20-026095/FA-20-0031.

18. DOA denied FA-20-0092/FP-20-023698/FA 20-0022 in full.

19. TAU timely appealed DOA's denial.

20. The deadline for DOA to issue a determination on the appeal has passed.

21. DOA has not issued a determination on the appeal.

22. The deadline for issuing a determination for tracking number FP-20-026095/FA-20-0031 has passed.

23. DOA has not issued a determination for tracking number FP-20-026095/FA-20-0031.

## TWO FOIA REQUESTS TO NARA

24. TAU submitted two requests to NARA, which were assigned tracking numbers 2020-0078-F and 2021-0081-F.

25. The deadlines for issuing a determination for tracking numbers 2020-0078-F and 2021-0081-F have passed.

26. NARA has not issued determinations for tracking numbers 2020-0078-F and 2021-0081-F.

## TWO FOIA REQUESTS TO DHS

27. TAU submitted two requests to DHS, which were assigned tracking numbers 2020-HQFO-01186 and 2021-HQFO-01309.

28. The deadlines for issuing determinations for tracking numbers 2020-HQFO-01186 and 2021-HQFO-01309 have passed.

29. DHS has not issued determinations for tracking numbers 2020-HQFO-01186 and 2021-HQFO-01309.

### COUNTS I – XI: FAILURE TO ISSUE DETERMINATIONS

30. The above paragraphs are incorporated herein.

31. The requests seek the disclosure of agency records and were properly made.

32. Defendants are federal agencies and subject to FOIA.

33. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

34. Defendants have failed to issue determinations within the statutory deadline.

### COUNTS XII - XXII: FAILURE TO CONDUCT A REASONABLE SEARCH

35. The above paragraphs are incorporated herein.

36. The requests seek the disclosure of agency records and were properly made.

37. Defendants are federal agencies and subject to FOIA.

38. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

39. Defendants have failed to conduct reasonable searches for records responsive to the requests.

### COUNTS XXIII - XXXIII: FAILURE TO PRODUCE RECORDS

40. The above paragraphs are incorporated herein.

41. The requests seek the disclosure of agency records and were properly made

42. Defendants are federal agencies and subject to FOIA.

43. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

44. Defendants have failed to produce records responsive to the requests.

**WHEREFORE,** TAU asks the Court to:

    i.    declare that Defendants have violated FOIA;

    ii.    order Defendants to conduct reasonable searches for records responsive to the requests;

    iii.    order Defendants to produce all non-exempt requested records or portions of records promptly;

    iv.    enjoin Defendants from withholding non-exempt public records under FOIA;

    v.    award TAU attorneys' fees and costs; and

    vi.    award such other relief the Court considers appropriate.

Dated: December 21, 2021

Respectfully Submitted,
*/s/ Joshua Hart Burday*

Attorneys for Plaintiff,
BYRON TAU

Matthew Topic, D.C. Bar No. IL0037
Joshua Burday, D.C. Bar No. IL0042
Merrick Wayne, D.C. Bar No. IL0058
Shelley Geiszler D.C. Bar No. IL0087
*(E-Mail:  foia@loevy.com)*
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902