UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BYRON TAU,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, *et al.*,<br><br>*Defendants*. | Civil Action No. 21-3329 (DLF) |

**JOINT STATUS REPORT**

Pursuant to this Court's November 6, 2023 Minute Order, Defendants, the National Archives and Records Administration ("NARA"), the U.S. Department of Homeland Security ("DHS"), and the United States Department of Defense—more specifically its components U.S. Special Operations Command ("USSOCOM"), U.S. Southern Command ("USSOUTHCOM"), and U.S. Department of the Army ("Army")—and Plaintiff Byron Tau, through respective counsel, hereby submit this Joint Status Report to address the status of Plaintiff's Freedom of Information Act ("FOIA") requests.

On December 21, 2021, Plaintiff filed his pending Complaint, which seeks the release of records responsive to eleven FOIA requests submitted between May 2020 and July 2021. *See* Compl., ECF No. 1. A status on each of these requests is as follows:

Four FOIA Requests to USSOCOM

By email dated July 17, 2020, Plaintiff submitted four FOIA requests to SOCOM, which were assigned tracking numbers USSOCOM FOIA 2020-232 ("2020-232"), USSOCOM FOIA 2020-233 ("2020-233"), USSOCOM FOIA 2020-234 ("2020-234"), and USSOCOM FOIA 2020-235 ("2020-235"). As previously reported, USSOCOM closed 2020-235 after sending Plaintiff a

no-records response on March 30, 2022, closed 2020-233 after sending Plaintiff responsive redacted records on August 18, 2022, and closed 2020-234 after sending Plaintiff responsive redacted records on September 14, 2022. As for 2020-232, USSOCOM sent a final response comprising any redacted responsive document to Plaintiff on April 6, 2023.  Accordingly, USSOCOM has completed processing its four FOIA requests at issue in this case.

    <u>One FOIA Request to USSOUTHCOM</u>

As reported previously, USSOUTHCOM completed its search for documents responsive to Plaintiff's one FOIA request to USSOUTHCOM and identified 41 documents plus an additional six duplicates totaling 302 pages. USSOUTHCOM sought consultation from USSOCOM for these documents. USSOCOM responded to USSOUTHCOM and identified an additional 7 documents totaling 146 pages, of which 138 were deemed responsive. USSOUTHCOM has now completed its review of its 41 documents and six duplicates totaling 302 pages and has identified a total of 140 responsive pages. On October 4, 2022, USSOUTHCOM sent the complete anticipated production of all 278 responsive documents for review to the Office of Secretary of Defense, Office of General Counsel as part of the FOIA/Litigation Coordination, Department Level Interest process. On January 18, 2023, the Office of General Counsel directed USSOUTHCOM to coordinate a review of the 278 responsive documents with the FOIA offices for the Defense Intelligence Agency ("DIA") and the National Geospatial-Intelligence Agency ("NGA"). On February 24, 2023, USSOUTHCOM received the coordination results from DIA. At NGA's request, USSOUTHCOM resent the documents to NGA and is still waiting for NGA to complete its review.

### Two FOIA Requests to Army

As previously reported, Army completed a search for documents potentially responsive to Request 20-0031 and identified 15 potentially responsive documents totaling 298 pages, of which Army sent one document to the Under Secretary of Defense for Policy, a component of the Office of the Secretary of Defense, for consultation. The Under Secretary of Defense for Policy's Office determined that this entire document is exempt from release. Army determined that the remaining documents gathered in response to Request 20-0031 are also exempt from release. Separately, Request 20-0022 was also submitted to the Office of the Secretary of Defense for consultation, and 13 documents totaling 432 pages were identified for release. Army produced these 13 documents to Plaintiff on September 22, 2022.  Accordingly, the Army has completed processing its two FOIA requests at issue in this case.

### Two FOIA Requests to NARA

As previously reported, NARA did not receive any timely objections from the current or former President, or the former Vice President, regarding the potential release of documents in response to Plaintiff's FOIA requests. On July 5, 2022, NARA made a public release of the documents on its website, https://www.archives.gov/research/vice-presidential-records/research.html. After NARA made the public release of documents on its webpage, NARA sent Plaintiff a letter, notifying him that his FOIA request is now closed.

### Two FOIA Requests to DHS

As previously reported, DHS Headquarters identified 12 potentially responsive pages in response to Plaintiff's Metadata request. Separately, DHS Headquarters has identified 3,284 potentially responsive pages in response to Plaintiff's Venntel request after conducting an electronic search using the parties' agreed-upon search terms and custodians.  As reported in the

parties' May 8, 2023 Joint Status Report, ECF No. 28, DHS Headquarters explained that it also had collected approximately 488 pages of records gathered from a search conducted during the early administrative stage of processing Plaintiff's Metadata requests.

In the parties August 31, 2023, joint status report, DHS represented that it made a supplemental production of records responsive to Plaintiff's FOIA request on August 31, 2023, and further represented that there remain 249 pages requiring consultation within DHS or with other agencies. On November 3, 2023, DHS made a supplemental production of records responsive to Plaintiff's FOIA request. For this response, DHS released 11 pages of records, portions of which were withheld pursuant to FOIA exemption 6. On January 5, 2024, DHS plans to release 6 pages of records concerning the use of commercially-available data or metadata products, services or databases, including but not limited to: anonymized mobile phone geolocation/GPS data, social media feeds, transaction or financial records or any other commercially-available data source or product. Portions of this response are withheld pursuant to FOIA exemption 5, 6, and 7E. DHS continues to work to resolve the remaining consultation records and will release non-exempt, responsive records that are returned from consultation as they become available.

\*   \*   \*

In light of the foregoing information, the parties respectfully request that they be allowed to file a further Joint Status Report in approximately sixty days, or by March 5, 2024, to further apprise the Court of their progress in this matter.

| | |
|---|---|
| Date: January 5, 2024 | Respectfully submitted, |

*/s/ Merrick Wayne*  
Matthew Topic, D.C. Bar No IL 0037  
Merrick Wayne, D.C. Bar No IL 0058  
Stephen Stich Match, D.C. Bar No. MA0044  
LOEVY & LOEVY  
311 N. Aberdeen St., 3rd Floor  
Chicago, IL 60607  
312-243-5900  
foia@loevy.com

*Counsel for Plaintiff*

MATTHEW M. GRAVES,  
D.C. Bar. #481052  
United States Attorney

BRIAN P. HUDAK  
Chief, Civil Division

By:  /s/ Anna D. Walker  
ANNA D. WALKER  
Assistant United States Attorney  
601 D Street, N.W.  
Washington, District of Columbia 20530  
Telephone: (202) 252-2544  
anna.walker@usdoj.gov

*Counsel for Defendants*